**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| PAUL RYKARD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:09-cv-1109-SEB-DML |
| ) | |
| JEFF WRIGLEY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Having considered the pleadings and the expanded record in this action for a writ of habeas corpus brought by petitioner Paul Rykard ("Rykard"), the court finds that this action must be **dismissed with prejudice.** This conclusion is based on the following facts and circumstances:

1. Because Rykard's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Subject to exceptions not applicable here, under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

2. Rykard is serving the executed portion of the sentence imposed by an Indiana state court following his convictions for dealing in cocaine, possession of a firearm by a serious violent felon, and possession of a machine gun. These convictions were entered based on Rykard's plea of guilty, from which no direct appeal was taken. The trial court's subsequent denial of Rykard's petition for post-conviction relief was affirmed on appeal in *Rykard v. State*, No. O2A03-0710-PC-476 (Ind. Ct.App. March 31, 2009). On June 11, 2009, the Indiana Supreme Court denied transfer.

4. Rykard was sentenced on June 11, 2004. Rykard's conviction was final, for statute of limitations purposes, on July 11, 2004, the last day on which he could have filed a notice of appeal. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction

is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

      5.      The habeas clock began to run on July 12, 2004. The present action was filed with the clerk on September 8, 2009, with a petition Rykard had signed on August 20, 2009, Between these dates, the following additional pertinent events occurred:

- On February 23, 2005, Rykard filed a petition for post-conviction relief. At that time, Rykard had used 227 days of the 1-year filing period.

- On September 30, 2005, Rykard withdrew his petition for post-conviction relief without prejudice. At that time, 138 days remained unused in the 1-year statute of limitations.

- Rykard again filed a petition for post-conviction relief on November 17, 2006. The trial court denied that petition on August 8, 2007, and the appeal from that denial was concluded on June 11, 2009.

- The present action was filed 70 days after the Indiana Supreme Court denied Rykard's petition to transfer.

      6.      The running of the habeas clock was tolled during the pendency of Rykard's petition for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). It was not tolled during the pendency of the second or re-filed petition for post-conviction relief because, as will be shown, by that time the statute of limitations had expired and it is illogical to toll a limitations period that has already passed. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000).

      7.      From the foregoing, it is evident that Rykard's deadline for filing this action was 138 days after he withdrew his petition for post-conviction relief. That date was February 16, 2006. Rykard did not do so, and did not take any other action which tolled the running of the statute of limitations before it expired.

      8.      The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). In this case, Rykard has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 03/25/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana